## WHITE v. PEERLESS MOTOR CAR CO.

(Circuit Court of Appeals, Sixth Circuit. July 16, 1924.)

No. 3988.

**Patents ⚙⟾328—1,237,432, for intercepter to prevent overlubrication in internal combustion engines, held void for lack of invention.**

The White patent, No. 1,237,432, for an intercepter to prevent overlubrication of the cylinders in internal combustion engines, *held* void for lack of invention, in view of the prior art, and because the claimed invention is fully disclosed in prior publications.

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Ohio; D. C. Westenhaver, Judge.

Suit in equity by Ernest M. White against the Peerless Motor Car Company. Decree for defendant, and complainant appeals. Affirmed.

---

Edward N. Pagelsen, of Detroit, Mich., for appellant.

John F. Oberlin, of Cleveland, Ohio (Fay, Oberlin & Fay and Jesse B. Fay, all of Cleveland, Ohio, on the brief), for appellee.

Before DENISON, MACK, and DONAHUE, Circuit Judges.

DONAHUE, Circuit Judge. This is an appeal from a decree in an infringement suit holding claims 1, 9, 10, and 12 of United States patent 1,237,432, issued August 21, 1921, to Ernest M. White of Detroit, Mich., invalid for want of invention, and because the claimed invention is fully disclosed in prior publications.

The White patent relates to means for controlling the amount of lubricating oil thrown up into the cylinders by the crank shafts and connecting rods of internal combustion engines, and its declared object is to provide means whereby overlubrication in the cylinders may be prevented, by deflecting or intercepting a portion of the oil that is being carried by centrifugal force around in the form of heavy mist and spray.

The claimed invention consists of an intercepter secured to the inner wall of the crank case of an internal combustion engine, and is described in claim 9 as "an intercepter secured at its lower edge to the wall of the crank case and diverging therefrom below the openings of that row of cylinders toward which the crank pins travel during the beginning of the compression strokes to control the amount of oil thrown up into said cylinders." Claim 12 contains the further statement: "The edge of the intercepter being broken to permit uneven passage of the oil." Claims 1 and 12 do not specify any particular type of engine. Claims 9 and 10 specify "an internal combustion engine of the V-type." It further appears in the specifications of the patent that "the engine shown in Figs. 1 and 4 is a well-known V-type and is taken as an example of present engine practice. It must be understood, however, that the present invention may be made use of in any other type of engine, whether the lubricant for the connecting rods is forced through passages in the crank shaft, splashed up from receptacles in the bottom of the crank case, or provided in any manner."

Notwithstanding this plain and positive statement in the patent itself, it is now claimed that this invention is limited to the V-type engine, and that the intercepter described in the claims is, in fact, a deflecter,

which not only prevents too much oil entering the cylinders located on the left side of the crank case, but also deflects the oil, so as to throw it in to the cylinders on the right side. Even if the claims in suit were not read in connection with the description of the patent, they would not be subject to such construction. Claim 1 describes the function of this claimed invention as follows: "to intercept a portion of the oil thus thrown up." Claim 9 locates the intercepter "below the openings of that row of cylinders toward which the crank pins travel during the beginning of the compression strokes, to control the amount of oil thrown up into said cylinders." Claim 10: "And an intercepter secured at its lower edge to a wall of the crank case and diverging therefrom to intercept a portion of said oil mist." Claim 12: "An intercepter mounted on a side wall of the crank case, to intercept a portion of the oil thrown out by the crank shaft; the edge of the intercepter being broken to permit uneven passage of the oil."

In support of the claim that the inventive idea of White is limited to the V-type, and that the intercepter functions, not only to prevent overlubrication of one set of cylinders, but also as a deflecter to furnish sufficient lubricating oil to the opposite set of cylinders, our attention is called to an article in the Motor Age, of the issue of March 11, 1915, which purports to be based upon an interview with White, in which he described a corrugated baffle or deflecter so curved as to throw the oil striking it against the opposite cylinders, and so placed as to divide the oil splashed from the splash troughs into two portions, one for lubricating each set of cylinders. This article in the Motor Age cannot be read in connection with the claims in suit to modify, enlarge, or restrict the equally plain, clear, and unequivocal language of these claims as allowed by the Patent Office.

Even if the claims in suit could be so construed, and limited to V-type engines only, the utility of the claimed invention, in so far as it functions as a deflecter, would be doubtful. It does not appear from the evidence that any deflecter is necessary to provide sufficient lubrication for the cylinders on the right side of the crank case. On the contrary, the problem presented was to prevent too much lubrication of the left-hand cylinders of the V-type and overlubrication of all of the cylinders of the straight type. If, however, such a device were necessary to supply the lubrication to the right-hand cyl-

inder, it is perfectly apparent that there is no possibility of the intercepter 11, as shown in Fig. 1 of the patent, deflecting the oil in to the right-hand cylinders. While there might be some deflection of oil from the intercepter 15, as shown in Fig. 2 of the patent drawings, yet the evidence is convincing that such deflection would be horizontal, and not toward the right-hand cylinders. However that may be, the invention, as shown and described, has no function or utility in a V-type engine not common to all types, and a limitation to that type in two claims cannot avail to make them valid, merely because a modified form, not shown, will get a special utility not described. Nor is there any limitation in this patent as to any specific form of intercepter, or its location upon the wall of the crank case.

At the time appellant filed his application for a patent, intercepters or baffle plates for preventing an excess of oil in the cylinders of internal combustion engines were not only old in the art, but also fully disclosed by trade publications as early as 1911.

For the reasons stated, the judgment of the District Court is affirmed.